**Bonnie L. IRWIN**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.**

**Civ. No. 3–79–117.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 3, 1979.

James R. LaFevor, Mildred A. Cunningham, William J. Rold, Univ. of Tenn. Legal Clinic, Knoxville, Tenn., for plaintiff.

J. Michael Haynes, Jr., Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income benefits under Titles II and XVI of the Social Security Act, ("the Act"), 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.* Before the Court are plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. Oral arguments have been heard.

Plaintiff is a 54 year old woman (Tr. 48) with an eighth grade education (Tr. 25). Her work experience consists of unskilled labor such as dishwasher, chicken packager, and laundry worker (Tr. 71). Plaintiff claims she is disabled by a combination of ailments consisting of the removal of one kidney (Tr. 69, 76), shortness of breath, arthritis (Tr. 28), and lupus (a skin disease). (Tr. 33).

Plaintiff applied for disability and SSI benefits on January 4, 1978 (Tr. 48-51, 58-61). Her applications were denied originally (Tr. 52, 62) and upon reconsideration (Tr. 56-57). Plaintiff requested an administrative hearing (Tr. 19), which was held on May 30, 1978 (Tr. 21). After the hearing, the Administrative Law Judge (ALJ) again denied benefits (Tr. 10-16). This decision was approved by the Appeals Council (Tr. 7) thereby becoming the final decision of the Secretary of Health, Education and Welfare.

The ALJ found plaintiff suffered from systematic lupus, with mild muscle pain, which is severe enough to prevent her from engaging in her former jobs, but not severe enough to preclude her from performing sedentary jobs found to exist in the national economy (Tr. 15). The only issue for this Court to decide is whether these findings are supported by substantial evidence.

The only medical evidence in the record are medical reports of Drs. Sam Pappas and Karl Bolstad. Dr. Pappas, the urologist who removed plaintiff's left kidney reported that plaintiff "took a long time recuperating because she has debilitating lupus erythematosus, which causes her disabling arthritis symptoms and also skin disorders." (Tr. 85). Although Dr. Pappas said he would support plaintiff's disability claim (Tr. 85, 99), he nevertheless estimated plaintiff was capable of sedentary work as defined by the Social Security Administration (Tr. 86). The laboratory reports accompanying Dr. Pappas' reports reveal no serious medical problem other than the one resolved by removal of plaintiff's left kidney (Tr. 87-98).

Doctor Bolstad, an orthopedic surgeon, examined plaintiff at the request of the Social Security Administration. Dr. Bolstad determined that plaintiff's complaints of arm and leg pain involved muscular pain rather than pain in her joints. He did not take X-rays. Dr. Bolstad said plaintiff had

"systematic lupus with mild muscle pain." He further said, "I do not think this part of her problem, specifically the muscle pain at night, gives her any disability." (Tr. 100). He further estimated plaintiff could perform light work. (Tr. 101).

At the hearing, a vocational expert testified that, assuming plaintiff could perform sedentary labor, there were jobs in the national economy which a person of her age, education, and vocational background could perform. (Tr. 42–45).

In the opinion of the Court, there is substantial evidence in the record supporting the Secretary's decision. Plaintiff's kidney condition has been successfully resolved by surgery, and the muscular aches and pains attributed to plaintiff's systematic lupus do not prevent her from performing sedentary labor according to both doctors' reports in the record. In fact, the orthopedic surgeon thought plaintiff could perform up to a light range of work. Even though plaintiff may not be able to perform her former occupations, the Secretary has carried his burden of proving plaintiff retains the capacity to perform sedentary work and that there are specific jobs in the national economy which plaintiff should be able to perform considering her age, education, vocational background, and physical ailments.

Plaintiff argues that in spite of these findings, new regulations of the Department of Health, Education and Welfare require that she be awarded disability benefits. Specifically, plaintiff argues that Section 201.00 of Appendix 2 of Subpart P, 20 C.F.R. pt. 404, requires a different result in this case. This new amendment to the Social Security regulations went into effect on February 26, 1979, after the administrative proceedings in this case had been concluded. Even if applied to this case, however, the Court is of the opinion that the record is nevertheless sufficient to prove that this particular plaintiff, regardless of what categories the regulations place her in, is not disabled. This Court is extremely hesitant to require the Secretary to base disability decisions on formulas using broad, inexact categorizations rather than the preferred case-by-case approach which considers each claimant as an individual with peculiar problems and abilities. Plaintiff's other arguments are of a technical nature and do not merit a reversal of this case.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied. It is further ORDERED that defendant's motion for judgment on the pleadings be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.